# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:13-cr-100-J-32JRK

JOHN EDWIN CORN, JR.  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

  ☒ FACTORS CONSIDERED

Defendant John Edwin Corn is a 69-year-old inmate incarcerated at Hazelton FCI, serving a 324-month term of imprisonment for one count of Hobbs Act robbery, two counts of attempted Hobbs Act robbery, and one count of brandishing a firearm in furtherance of a crime of violence. (Doc. 105, Judgment). This sentence runs

---

[1] Defendant submitted a request for compassionate release to the warden of his facility on April 7, 2020, which the BOP denied on April 22, 2020. (See Doc. 144, Response at 3-4; Doc. 144-1 at 1-3). Defendant filed the instant Motion well over 30 days later, on August 18, 2020. As such, Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. See United States v. Smith, — F. Supp. 3d —, 2020 WL 5106694, at *3–4 (M.D. Fla. Aug. 31, 2020).

consecutively to another sentence imposed by the United States District Court for the Southern District of Georgia for violating the conditions of supervised release. (See id.). According to the Bureau of Prisons (BOP), Defendant is scheduled to be released from prison on October 9, 2038. Defendant seeks compassionate release because of the Covid-19 pandemic, chronic stress, and age-related medical conditions, including the deterioration of a preexisting spinal condition and hypertension. (See Doc. 141, Motion at 4-6).[2]

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The United States concedes that Defendant's advanced age qualifies as an extraordinary and compelling reason for compassionate release in the context of Covid-19, even if his medical conditions do not qualify as such. (See Doc. 144 at 6-

---

[2] As documented in the Revised Final Presentence Investigation Report (Revised PSR), Defendant has long suffered from injuries and deterioration of several cervical vertebrae. (Doc. 103 at ¶¶ 78-82).

12).³ Nevertheless, Defendant is not eligible for compassionate release because the Court cannot certify that he is not a danger to the public. See U.S.S.G. § 1B1.13(2). Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence.⁴

The nature and circumstances of the instant offenses, considered alongside Defendant's criminal history, illustrate why he is a potential danger to the public. Following a jury trial, Defendant was convicted of a string of robberies or attempted robberies of Publix supermarkets, as well as brandishing a firearm in furtherance of a crime of violence. See United States v. Corn, 608 F. App'x 900, 901 (11th Cir. 2015); Corn v. United States, No. 3:15-cv-1408-J-32JRK, 2019 WL 1130119, at *1-4 (M.D. Fla. Mar. 12, 2019). Defendant had an egregious criminal history preceding these offenses as well. Between 1967 and 1989, Defendant was convicted in state courts in Florida and South Carolina of armed robbery, robbery, escape, aggravated battery, possession of a firearm by a convicted felon, and accessory to armed robbery, among other offenses. (Doc. 103 at ¶¶ 49-53, 55).⁵ Then, in 1991, he was convicted in the

---

³ Defendant claims his blood pressure is so elevated that he is at risk of a heart attack or stroke. But according to his most recent reading, on February 8, 2020, his blood pressure was 107 / 74. (Doc. 141 at 18). And according to the latest data from the BOP, Hazelton FCI reports zero cases of Covid-19 among inmates. https://www.bop.gov/coronavirus/. Last accessed November 2, 2020.

⁴ The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because the United States concedes that Defendant's age qualifies as an extraordinary and compelling circumstance in light of Covid-19.

⁵ In his Reply (Doc. 145), Defendant attempts to collaterally challenge the reasonableness of his sentence and the accuracy of his criminal history as set forth in

United States District Court for the Southern District of Georgia of armed robbery of controlled substances and possession of a firearm during a crime of violence, for which he was sentenced to 270 months in prison. (Id. at ¶ 57). Defendant was released from that term of imprisonment on August 9, 2011. (Id.). Defendant committed the offenses of conviction in this case in October 2012, while still under supervised release for the previous federal conviction. (See id. at ¶¶ 1-5, 59).

Neither Defendant's age nor his medical conditions provide assurance that he would not pose a threat to the public if released. Defendant was 61 (almost 62) years old when he committed the instant offenses, showing that age did not reduce his proclivity to commit serious crimes. And Defendant's spinal conditions, which date back to 1978, proved to be no impediment either. (See id. at ¶¶ 78-82).

Moreover, for many of the same reasons above, the sentencing factors under § 3553(a) do not support a reduction in sentence. Reducing Defendant's sentence would fail to promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. Because of the severity of the offenses and Defendant's criminal history, the Court varied well above the sentencing guidelines range and imposed a term of imprisonment of 240 months as to the robbery offenses, followed by a mandatory 84-month term of imprisonment for brandishing a firearm in furtherance of a crime of violence. (Doc. 113, Sentencing Transcript at 31-42).

---

the PSR. A party may not raise new arguments in a reply brief, nor is a motion for compassionate release the appropriate vehicle for challenging the legality of a sentence. The time for Defendant to challenge the reasonableness of his sentence or the accuracy of the PSR has long passed.

Compounding matters, Defendant admits that he has received four incident reports over the last seven and a half years in BOP custody, although the nature of the reports is unclear. (Doc. 141 at 6). And, rather than expressing unequivocal remorse, Defendant downplays the seriousness of his crimes (see Doc. 145 at 11-12), relitigates his sentence (id. at 5-10), and blames one of his victims for being "very bold and careless" merely for defending herself (Doc. 141 at 8-9). In view of all the § 3553(a) factors, Defendant's sentence remains appropriate, and a reduction in sentence is unwarranted at this time.

Accordingly, Defendant John Edwin Corn's Motion for Compassionate Release (Doc. 141) is **DENIED**.[6]

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[6] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).