UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                                    Case No.:    3:13-cr-100-TJC-MCR

JOHN EDWIN CORN

_____/

**ORDER**

This cause is before the Court on Defendant John Edwin Corn's renewed Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 149, "Renewed Motion for Compassionate Release").[1] Defendant is a 71-year-old inmate incarcerated at Gilmer FCI, serving a 324-month term of imprisonment for one count of Hobbs Act robbery, two counts of attempted Hobbs Act robbery, and one count of brandishing a firearm in furtherance of a crime of violence. (Doc. 105, Judgment).

Defendant requests compassionate release under § 3582(c)(1)(A) because he asserts that his sentence is illegal. (See Doc. 149 at 2–5, 13–14). Defendant argues that his sentence was unlawfully enhanced based on inaccurate information about his prior convictions in the Presentence Investigation Report (PSR) and because his increased sentence relied on non-Shepard-approved

---

[1] The Court also acknowledges receiving a letter from Defendant, dated May 8, 2022.

1

sources.[2] Defendant says he did not become aware of these alleged errors until after he filed his earlier motion to vacate sentence under 28 U.S.C. § 2255. Id. at 6; see also Corn v. United States, No. 3:15-cv-1408-TJC-JRK (§ 2255 case). Defendant asserts that district courts have broad authority to correct sentencing errors under § 3582(c)(1)(A) by designating such errors as "extraordinary and compelling reasons" for a sentence reduction. (Doc. 149 at 9–13).

Defendant's arguments are foreclosed by the Eleventh Circuit's decision in United States v. Bryant, 996 F.3d 1243 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021). In Bryant, the Eleventh Circuit held that U.S.S.G. § 1B1.13, with its definition of "extraordinary and compelling reasons" for a sentence reduction, is the applicable policy statement for motions filed by defendants after the First Step Act, and that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Id. at 1247–48. As a result, "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling

---

[2] Shepard v. United States, 544 U.S. 13, 16 (2005) (holding that in determining the character of a prior conviction for purposes of deciding whether to impose a sentence under the Armed Career Criminal Act, a district court is "generally limited to examining the statutory definition [of the prior offense], charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.").

reasons.'" Id. at 1249. Thus, the Bryant court rejected a defendant's argument that the length of his sentence, along with the First Step Act's "anti-stacking" amendment to 18 U.S.C. § 924(c), could qualify as an extraordinary and compelling reason for a sentence reduction "[b]ecause Bryant's motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling.'" Id. at 1265.

As in Bryant, Defendant's arguments for a sentence reduction do not match one of the "extraordinary and compelling reasons" outlined in U.S.S.G. § 1B1.13, cmt. 1. Defendant does not allege (or show) that he has a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care in the prison environment, § 1B1.13, cmt. 1(A); that he is over 65, has served at least 10 years or 75% of his sentence, and is suffering a serious deterioration in health because of the aging process, § 1B1.13, cmt. 1(B); that his family circumstances meet one of the scenarios defined in § 1B1.13, cmt. 1(C); or that the warden of his facility has determined that other extraordinary and compelling reasons exist in his case, § 1B1.13, cmt. 1(D). Thus, the Renewed Motion for Compassionate Release is due to be denied.

That said, the Court notes that Defendant may benefit from a recent development in a different area of the law. He is serving a consecutive 84-month term of imprisonment for brandishing a firearm in furtherance of a crime of violence, under 18 U.S.C. § 924(c) (Count Four of the Indictment), which was

tied to his conviction for attempted Hobbs Act robbery under Count Three. (See Doc. 105, Judgment; Doc. 1, Indictment at 2–3). Defendant challenged his § 924(c) conviction and sentence in the earlier § 2255 proceedings, arguing that the § 924(c) sentence was unlawful in light of Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the ACCA's residual clause is unconstitutionally vague). The Court rejected that argument based on United States v. St. Hubert, 909 F.3d 335 (11th Cir. 2018), which was then binding precedent. (Doc. 135, Order Denying § 2255 Motion at 27–29).[3] In St. Hubert, the Eleventh Circuit held that attempted Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A)'s "use-of-force" clause, not the neighboring residual clause in § 924(c)(3)(B). 909 F.3d at 352. The upshot: a defendant whose § 924(c) conviction rested on attempted Hobbs Act robbery could not benefit from the Supreme Court's later holding in Davis, 139 S. Ct. 2319, because attempted Hobbs Act robbery still had a home in § 924(c)(3)(A).

However, the Supreme Court recently abrogated St. Hubert in United States v. Taylor, 142 S. Ct. 2015 (2022). In Taylor, the Court concluded that attempted Hobbs Act robbery does not fit within § 924(c)(3)(A)'s definition of a crime of violence. Id. at 2025–26. Combined with Davis's holding that §

---

[3]  When the Court denied the § 2255 motion, the Supreme Court had not yet decided United States v. Davis, 139 S. Ct. 2319 (2019), where it held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague and that, because § 924(c) requires application of the "categorical approach," application of a fact-based approach could not save the statute.

4

924(c)(3)(B) is unconstitutionally vague, Defendant's § 924(c) conviction may be in question since it is based on attempted Hobbs Act robbery.

The Court believes the appropriate remedy is for Defendant to apply to the Eleventh Circuit for authorization to file a second § 2255 motion based on the decisions in Davis and Taylor. To that end, the Court will appoint the Federal Public Defender to represent Defendant in seeking such permission. Accordingly, it is hereby **ORDERED:**

1. Defendant John Edwin Corn's Renewed Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 149) is **DENIED**.

2. Defendant's "Motion to Correct Clerical Error" in the PSR (Doc. 131) is **DENIED**. Objections to the PSR must be made "[w]ithin 14 days after receiving the presentence report," Fed. R. Crim. P. 32(f)(1), and this motion was filed long after that. Moreover, Federal Rule of Criminal Procedure 36 cannot be used to correct substantive, non-clerical errors in the PSR of the kind Defendant alleges. See, e.g., United States v. Garrett, No. 21-13618, 2022 WL 1701486, at *1 (11th Cir. May 27, 2022) (citing United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004)).

3. The Court appoints the **Federal Public Defender** to represent Defendant in applying for permission to file a second or successive §

2255 motion based on Davis, 139 S. Ct. 2319, and Taylor, 142 S. Ct. 2015, or in seeking other appropriate relief. If the Eleventh Circuit authorizes a second § 2255 motion, the appointment will continue through the filing and litigation of the second § 2255 motion. No later than **July 26, 2022**, the Federal Public Defender should file a notice of appearance.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of July, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies to:
John Edwin Corn
Counsel of record
Office of the Federal Public Defender

6