UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN EDWIN CORN, JR.,

    Petitioner,

v.                                     Case No. 3:23-cv-978-TJC-MCR
                                               3:13-cr-100-TJC-MCR

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

**I.    Status**

Petitioner, an inmate in the Federal Bureau of Prisons, initiated this action, through counsel, by filing a second or successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) on June 15, 2023.[1] In 2014, Petitioner was convicted and sentenced on two counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts One and Three); one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); and one count of brandishing a firearm in

---

[1] Petitioner's first § 2255 motion was adjudicated in 2019. See Corn v. United States of America, No. 3:15-cv-1408-TJC-JK (M.D. Fla.). The Eleventh Circuit authorized the filing of this second or successive motion. See Doc. 1 at 14-20 (copy of Eleventh Circuit's decision).

furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Four). Count Four listed Count Three, an attempted Hobbs Act robbery charge, as the predicate "crime of violence" offense.

In his sole ground in the Motion, Petitioner argues that his conviction and sentence on Count Four "is invalid and unconstitutional." Doc. 1 at 4. He asks that the Court vacate his conviction on Count Four and resentence him on the other three Counts. Id. at 12. The Government agrees that Petitioner's conviction and sentence on Count Four should be vacated, but argues that the remainder of Petitioner's convictions and sentences should remain undisturbed. See generally Doc. 7. Petitioner, through counsel, filed a reply, arguing that vacating Count Four "undermines his sentence as a whole and requires this Court to exercise discretion in deciding the appropriate sentence for Counts 1, 2, and 3." Doc. 11 at 3. This case is ripe for review.

**II.     Second or Successive Motion**

Although the Eleventh Circuit authorized the filing of Petitioner's second or successive § 2255 Motion, this Court is still required to determine de novo whether Petitioner has carried his burden under § 2255(h). See, e.g., Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357 (11th Cir. 2007) ("[T]he district court not only can, but must, determine for itself whether those requirements are met."); see also Doc. 1 at 19 (copy of Eleventh Circuit's decision noting the same). Under § 2255(h), a petitioner will be permitted to file a second or

successive motion if he shows that his motion is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1), (2).

    Here, Petitioner moves under the latter prong, relying on the Supreme Court's decisions in United States v. Davis, 139 S. Ct. 2319 (2019), and United States v. Taylor, 142 S. Ct. 2015 (2022). See Doc. 1 at 4. In Davis, the Supreme Court found that § 924(c)(3)(B)'s residual clause is unconstitutionally vague, and in Taylor, the Court determined that attempted Hobbs Act robbery is not a predicate "crime of violence" under § 924(c)(3)(A)'s elements clause. Although Taylor did not announce a new rule of constitutional law, the Eleventh Circuit has found that Davis did and that rule was made retroactive to cases that became final before Davis was decided. See In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019) ("Davis announced a new substantive rule, and Welch[2] tells us that a new rule such as the one announced in Davis applies retroactively to criminal cases that became final before the new substantive rule was

---

[2] Welch v. United States, 578 U.S. 120 (2016).

announced."). The Supreme Court decided Davis on June 24, 2019, which was after the conclusion of Corn's direct appeal (2015) and this Court's decision on his first § 2255 motion (March 12, 2019). Upon independent review, this Court finds that Petitioner has met the statutory requirements of § 2255(h)(2).

### III. Merits[3]

In Count Three, Petitioner was charged with attempted Hobbs Act robbery, and Count Three served as the predicate "crime of violence" offense for Count Four, the § 924(c) offense. After the Supreme Court's decisions in Davis and Taylor, attempted Hobbs Act robbery is no longer considered a crime of violence. Thus, the parties correctly agree that Petitioner's conviction and sentence on Count Four should be vacated. See United States v. Alexander, No. 22-11743, 2024 WL 157329, at *2 (11th Cir. Jan. 8, 2024); Samson v. United States, No. 19-11048, 2022 WL 17660604, at *1 (11th Cir. Dec. 14, 2022).

The parties, however, dispute whether Petitioner's remaining sentences on Counts One through Three should stand or whether the Court should resentence Petitioner. Considering the record, the parties' arguments, and the relevant legal authority, the Court determines that a resentencing is appropriate. See Alexander, 2024 WL 157329, at *2 ("Because one of the component counts should be vacated for good, the district court should be free

---

[3] The Government specifically waived any defense based on untimeliness. See Response at 7-9.

4

to reconstruct [the defendant's] sentence using the guidelines and the § 3553(a) factors so that it remains proper in light of all the circumstances."); United States v. Fowler, 749 F.3d 1010, 1016 (11th Cir. 2014) (recognizing that a "sentence package that has been unpackaged by a reversal is to be repackaged at resentencing using the guidelines and the § 3553(a) factors"); see also United States v. Walker, No. 5:09-cr-45-JDW-PRL, 2024 WL 1299314, at *1 (M.D. Fla. Mar. 27, 2024) (finding that a resentencing is appropriate in a similar situation as is presented here).

Accordingly, it is

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **GRANTED**.

2. The Court **VACATES** Petitioner's conviction and sentence on Count Four. Count Four is hereby **dismissed**.

3. The Court **VACATES** Petitioner's sentences on Counts One, Two, and Three. The Court will schedule a resentencing hearing, with Defendant present, on Counts One, Two, and Three.

4. A separate order will enter continuing the appointment of the Federal Public Defender for purposes of the resentencing and requesting Probation to prepare an updated PSR.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 4/12
c:
Counsel of Record
John Edwin Corn, Jr.
U.S. Probation